UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDY INVESTMENTS LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NYLA FERN POTTER et al.,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-00384-LK<br><br>ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEY'S FEES |

This matter comes before the Court Plaintiff Andy Investments LLC's motion to remand. Dkt. No. 11. For the reasons explained below, the Court grants the motion and awards Andy Investments attorney's fees.

## I.  BACKGROUND

Defendants Nyla and Lyndell Potter removed this state unlawful detainer action on the basis that it is related to another case currently pending before this Court, *Potter v. Clear Recon Corp. et al.*, 2:24-cv-1173-LK (the "federal action"). Dkt. No. 1 at 5.

In the federal action, the Potters (who are plaintiffs there) name Bank of America, Clear Recon, and Andrey Bykhnyuk (the owner of Andy Investments) as defendants. No. 24-cv-1173,

Dkt. No. 13 at 1–2. They generally allege that their home was improperly non-judicially foreclosed upon, and that the sale of the home to Bykhnyuk is void. *See id.* They assert state law claims under Washington's Consumer Protection Act, as well as for negligence, slander of title, and tortious interference with contract, and a federal claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq. Id.* at 8–26. The Potters continued to live in the home after the foreclosure sale. *Id.* at 7.

Nearly a year after the foreclosure sale, Andy Investments filed this unlawful detainer action against the Potters in King County Superior Court. Dkt. No. 1-2. The lawsuit is premised entirely on Washington state law. *See id.* The Potters removed the state unlawful detainer action to federal court, asserting that because the Court has jurisdiction over the federal action under 28 U.S.C. § 1331, it therefore has supplemental jurisdiction over this related state unlawful detainer action. Dkt. No. 1 at 5. The Potters also suggest that federal jurisdiction exists over the state unlawful detainer action because it "hinges on the outcome" of the federal action. *Id.* After removing the case, the Potters moved to consolidate the two actions. No. 24-cv-1173, Dkt. No. 41.

## II. DISCUSSION

### A. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is thus "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). In the removal context, defendants bear the burden of establishing that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Cal. ex rel. Lockyer v. Dynegy,*

1  *Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  In addition, courts strictly construe the removal statute
2  against removal jurisdiction, with any doubts as to the right of removal weighing in favor of
3  remand. *Moore-Thomas*, 553 F.3d at 1244.

4    As relevant here, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a
5  finding that the complaint contains a cause of action that is within the original jurisdiction of the
6  district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up).
7  The existence of a federal question is generally governed by the well-pleaded complaint rule,
8  which "provides that federal jurisdiction exists only when a federal question is presented on the
9  face of the plaintiff's properly pleaded complaint." *Id.* (cleaned up). That means a non-diverse
10 plaintiff "may avoid federal jurisdiction by relying exclusively on state law." *Id.* (cleaned up).

11   One exception to the well-pleaded complaint rule occurs when a "state-law claim
12 necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum
13 may entertain without disturbing any congressionally approved balance of federal and state judicial
14 responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308,
15 314 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). But the doctrine is narrow and is
16 not to be confused with situations where a defendant has a federal law defense to a state law claim.
17 "It is settled law that a case may not be removed to federal court on the basis of a federal defense,
18 including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint,
19 and even if both parties admit that the defense is the only question truly at issue in the case."
20 *Hunter*, 582 F.3d at 1042 (cleaned up); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

21 **B.  The Court Does Not Have Subject Matter Jurisdiction Over the State Unlawful Detainer Action, Regardless of Its Relation to the Federal Action**

22   In its motion to remand, Andy Investments argues that "[t]his Court does not have original
23 jurisdiction" over the state unlawful detainer action, "and supplemental jurisdiction does not cure
24

ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEY'S FEES - 3

want of original jurisdiction." Dkt. No. 11 at 1. It adds that this is not a case where the Potters' right to relief "depends on resolution of a substantial question of federal law" (in which case federal jurisdiction might exist); instead, the Potters simply have a federal law defense to the state unlawful detainer claim, which does not confer jurisdiction on a federal court. Dkt. No. 15 at 3. The Potters concede that the state unlawful detainer complaint does not contain a federal law claim; instead, they argue that the right to relief in the state unlawful detainer action depends on the resolution of the federal action, and that establishes federal jurisdiction over the state action. Dkt. No. 14 at 3–4.

Andy Investments is correct on all fronts. First, it is undisputed that the state unlawful detainer complaint does not present a federal question on its face. *See generally* Dkt. No. 1-2; *see also* Dkt. No. 14 at 1–2. And as noted, under the well-pleaded complaint rule, federal jurisdiction typically only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Hunter*, 582 F.3d at 1042. True enough, if the Potters were correct that Andy Investments' right to relief in the state unlawful detainer action "requires resolution of a substantial question of federal law in dispute between the parties," Dkt. No. 14 at 4, the state action would "arise under" federal law for jurisdictional purposes. But that premise—that a court cannot resolve the unlawful detainer claim without first resolving some federal law question—is not correct. It is well-established that an unlawful detainer claim generally does not arise under federal law. *See, e.g.*, *Tahir v. Delany*, No. C15-2017-JCC, 2016 WL 11626759, at *2 (W.D. Wash. July 29, 2016); *Mun Song Yi v. Chansun Inc.*, No. C12-1968 RSM, 2013 WL 12330374, at *1 (W.D. Wash. Jan. 4, 2013); *FC Broadway & Hill, LLC v. Kang*, No. 24-cv-01349-CAS, 2024 WL 1198443, at *1 (C.D. Cal. Mar. 19, 2024). And contrary to what the Potters suggest, Andy Investments' unlawful detainer claim does not necessarily require resolution of a federal question, let alone a substantial one. Dkt. No. 14 at 5; *see also Gunn*, 568 U.S. at 260 ("The substantiality inquiry under *Grable*

looks . . . to the importance of the issue to the federal system as a whole."); *River Stone Holdings NW, LLC v. Lopez*, 395 P.3d 1071, 1076 (Wash. Ct. App. 2017) (because unlawful detainer actions "do not provide a forum for litigating claims to title," an unlawful detainer defendant "generally cannot raise defective title as a defense to possession" (cleaned up)). In any case, the Potters' removal notice does not mention the "substantial federal question" doctrine and instead asserts that they "can state [federal law] defenses, crossclaims, and counterclaims," Dkt. No. 1 at 3, 5, which, as noted above, does not create federal question jurisdiction, *Hunter*, 582 F.3d at 1042; *see also Vaden*, 556 U.S. at 60.

Finally, the Potters miss the forest for the trees with their supplemental jurisdiction argument. Dkt. No. 14 at 5–8. There is little doubt that the federal lawsuit and state unlawful detainer action are related. But that does not mean the Court has removal jurisdiction over Andy Investments' case. The Potters fail to acknowledge or engage with the substantial authority holding that "[t]he supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide an independent source of original subject matter jurisdiction, and, thus, a removal petition alleging that a court has subject matter jurisdiction based on Section 1367 is improper, even if the removed action is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be more efficient." *Ogaz v. Honeywell Int'l, Inc.*, No. EDCV21740JFWKKX, 2021 WL 2822400, at *4 (C.D. Cal. July 7, 2021).[1] Without removal

---

[1] *See also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) (rejecting removal based solely on supplemental jurisdiction); *Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 349 (1816) ("The power of removal . . . presupposes an exercise of original jurisdiction to have attached elsewhere."); *Negrete v. City of Oakland*, 46 F.4th 811, 818 (9th Cir. 2022) ("[T]he notion that there is federal jurisdiction simply because purely state law claims have collateral impact on a federal decree conflicts with current Supreme Court caselaw." (citing *Syngenta*, 537 U.S. at 31)); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Section 1367 grants 'supplemental jurisdiction' over state claims, not original jurisdiction," and "[w]ithout original jurisdiction, [a party] has no jurisdictional hook for removal."); *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003) ("[A]ncillary jurisdiction does not authorize removal under § 1441."); *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 n.3 (11th Cir. 2001) ("§ 1367 cannot provide the 'original jurisdiction' that § 1441 demands for an action to be removable."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on

jurisdiction, the Court cannot have supplemental jurisdiction. *See id.*

For the reasons stated above, the Court lacks jurisdiction over the state unlawful detainer action, and thus remands the action back to state court.[2]

**C.    The Court Awards Andy Investments Attorney's Fees and Denies the Potters' Request for Fees**

Both sides request attorney's fees. Dkt. No. 11 at 6; Dkt. No. 14 at 9–10. For the reasons explained below, the Court grants Andy Investments' request and denies the Potters' request.

1.   The Potters' Request for Attorney's Fees is Procedurally Improper and Meritless

Turning to the Potters' request first, they improperly seek attorney's fees in their response brief to the motion to remand. "Requests for affirmative relief must be made in a motion, not in the response[.]" *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) (cleaned up); *see also Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022) ("[I]t is procedurally improper to include a request for affirmative relief in a response brief[.]").

Their request fares no better on the merits. The Potters seek fees based on Andy Investments' decision to file its action in state court instead of as a counterclaim in the federal action. Dkt. No. 14 at 9–10. According to them, "[t]he only real reason to file such a redundant

---

the supplemental-jurisdiction statute." (cleaned up)); *Fabricius v. Freeman,* 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); *Perez v. City of Los Angeles*, No. CV 23-03381-SVW (AS), 2023 WL 8113258, at *2 (C.D. Cal. Nov. 21, 2023) (collecting cases). As stated in Wright & Miller:

> Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Section 1441(a). This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are within the same civil action as a federal-question claim (or over claims that are within the same civil action as a claim satisfying diversity) and those claims alone.

14C Fed. Prac. & Proc. § 3722 (Rev. 4th ed. 2025).

[2] In their notice of removal, the Potters alleged that "[t]he amount in controversy requirement is met[.]" Dkt. No. 1 at 4. However, the Potters did not assert diversity jurisdiction as a basis for removal, *see id.* at 4–5, and there is no amount in controversy requirement for federal question jurisdiction, 28 U.S.C. § 1331.

ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEY'S FEES - 6

complaint in state court is to harass and exhaust the Potters' resources." *Id.* at 10. But as noted above, plaintiffs are the masters of their complaints and have a right to choose which forum they proceed in. *Hunter*, 582 F.3d at 1042; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("plaintiff [is the] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). There is nothing sanctionable about Andy Investments' decision to file a standalone unlawful detainer claim in state court, and the Court is not persuaded that the lawsuit is "redundant" and "identical [to the] matter already filed in federal court." Dkt. No. 14 at 10. And if the Potters truly believed the later-filed state action was redundant and identical, they could have sought a relief in state court based on the priority of action rule; they certainly did not have to attempt removal, and they ran up their own costs in doing so. *Pac. Lutheran Univ. v. Certain Underwriters at Lloyd's London*, 541 P.3d 358, 366 (Wash. 2024).

      2.   <u>The Court Awards Andy Investments Attorney's Fees</u>

Andy Investments seeks attorney's fees pursuant to 28 U.S.C. § 1447(c) because the Potters "lack[ed] an objectively reasonable basis for removal," and alternatively, pursuant to the Court's powers under the federal and local rules to sanction parties for litigation misconduct. Dkt. No. 11 at 6. For the reasons explained below, the Court agrees that the Potters' removal lacked an objectively reasonable basis, and thus awards Andy Investments attorney's fees pursuant to 28 U.S.C. § 1447(c).

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). But "removal is not objectively unreasonable solely because the removing party's arguments lack

merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In *Lussier*, the Ninth Circuit explained that in determining whether removal was objectively unreasonable, a court should determine "whether the relevant case law clearly foreclosed the defendant's basis of removal," considering the "clarity of the law at the time of removal." *Id.* at 1066.

The Potters' removal here was clearly foreclosed by the statutory text and relevant case law. Their primary theory of removal—that an already-existing federal action can provide the mechanism for removal of an otherwise non-removable state-court action—was objectively unreasonable. Every court to confront the issue has rejected that theory, *see supra* n.1, including district courts in the Ninth Circuit, which "overwhelmingly agree that removal cannot be premised on federal claims in a related case[.]" *Hanson v. Trans Union, LLC*, No. 2:24-CV-03248-MRA-MRW, 2024 WL 3463076, at *4 (C.D. Cal. July 18, 2024).

And although the Potters half-heartedly assert other theories, those are equally unreasonable. For example, the Potters assert in their removal petition that they have federal law defenses to the unlawful detainer action, Dkt. No. 1 at 5, and then seem to abandon that theory in the briefing, *see generally* Dkt. No. 14. They also suggest that the unlawful detainer action involves a "substantial federal question," Dkt. No. 14 at 5, but do not meaningfully engage with the relevant law, which requires that a federal issue be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022); *cf. Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998) ("[R]emoval and preemption are two distinct concepts"; mere conflict preemption does not create federal question jurisdiction) (cleaned up)). In addition to being an underdeveloped (and losing) argument, it was also not asserted in the removal petition. *See generally* Dkt. No. 1; *see*

*also DeFiore v. SOC LLC*, 85 F.4th 546, 559 n.10 (9th Cir. 2023) (a defendant may not amend its notice of removal to add a separate basis for removal jurisdiction more than 30 days after the initial filing).

Compounding the unreasonableness is the fact that this is the Potters' *second* attempt at removing Andy Investments' state unlawful detainer action. And their first attempt—in which they removed the state action *into* the federal action, *see* No. 24-cv-1173, Dkt. Nos. 34, 38—is something other courts in this circuit have found sufficiently unreasonable so as to justify attorney's fees. *See Anderson v. Bitterroot Health Hospice*, No. CV 24-12-M-DLC, 2024 WL 1132187, at *6 (D. Mont. Mar. 15, 2024), *appeal dismissed sub nom*. 2024 WL 4490615 (9th Cir. May 20, 2024). Indeed, the Court warned the Potters that "[f]uture violations of applicable law may result in sanctions." No. 24-cv-1173, Dkt. No. 38 at 2.

For all of these reasons, an award of attorney's fees to Andy Investments is justified.

3. <u>Andy Investments' Counsel's Hourly Rate and Time Spent Are Reasonable</u>

The Court finds that Andy Investments' counsel's (Joseph Toups) hourly rate is reasonable for the work performed and for the Seattle market for attorneys with similar experience levels. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). Mr. Toups has practiced law since 2020, and most of his practice has been in business, contracts, and real estate disputes. Dkt. No. 12 at 1. His hourly rate of $350 is reasonable in light of that experience. *See, e.g.*, *Saunders v. Schweinhaus, Inc.*, No. 2:22-CV-00074-RAJ, 2022 WL 17820566, at *2 (W.D. Wash. Dec. 20, 2022) ($350 hourly rate reasonable for an associate with five years of experience); *Dermer v. SaltWorks, Inc.*, No. C23-0443-JCC, 2024 WL 895128, at *2 (W.D. Wash. Mar. 1, 2024) ($300 hourly rate appropriate for associate with about three years of experience; *Thacker v. Bank of New York Mellon*, No. 18-5562 RJB, 2019 WL 1765217, at *5

(W.D. Wash. Apr. 22, 2019) ($250 hourly rate for junior associates with two to three years of experience is reasonable).

The Court also finds that the time Mr. Toups spent preparing and filing the remand motion, supporting materials, and reply brief (seven hours in total) is reasonable. Dkt. No. 12 at 1–2; Dkt. No. 16 at 1.

The Court thus awards Andy Investments a total of $2,450 in attorney's fees.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Andy Investments' motion to remand. Dkt. No. 11. The Potters are ORDERED to pay fees in the amount of $2,450 to Andy Investments. The Court further ORDERS that

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;
2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the King County Superior Court;
3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the King County Superior Court; and
4. The Clerk of the Court shall CLOSE this case.

Dated this 21st day of April, 2025.

Lauren King
United States District Judge